UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WATSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TURNER,<br><br>　　　　Defendant. | No.   2:25-cv-2664 CSK P<br><br><br>ORDER |

**I. INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3   § 1915(b)(2).
4       Plaintiff is granted an opportunity to elect to proceed with his potentially colorable Eighth
5   Amendment claims against defendant Turner or may elect to amend his complaint as discussed
6   below.
7   **II.  SCREENING STANDARDS**
8       The court is required to screen complaints brought by prisoners seeking relief against a
9   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
10  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
11  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
12  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
13      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
15  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
18  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
19  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
20  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
21  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
22  1227.
23      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
24  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
25  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
26  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
27  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
28  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

### III. PLAINTIFF'S COMPLAINT

The only named defendant is Correctional Officer Turner. (ECF No. 1 at 2.) Plaintiff alleges violations of the Eighth Amendment. (Id. at 3.) Plaintiff claims that during July through September 2025, defendant Turner sexually harassed, sexually assaulted and filed rules violation reports against plaintiff. (Id.) Plaintiff claims that on July 31, 2025, defendant Turner told plaintiff that he hates Black inmates even though defendant Turner is Black. (Id.) Shortly thereafter, plaintiff went to get a drink of water and defendant Turner issued a rules violation report against plaintiff for getting a drink of water. (Id.) Plaintiff claims that White and Hispanic inmates had gotten water from the same water fountain but defendant Turner did not issue rules violation reports against those inmates. (Id.) Plaintiff claims that plaintiff was found guilty of the rules violation report issued by defendant Turner. (Id.)

During August and into September 2025, defendant Turner told plaintiff that he hates Blacks, but wished he could "fuck" plaintiff. (Id.) When plaintiff rebuffed defendant Turner, defendant Turner became more vulgar and persistent. (Id.) Defendant Turner told plaintiff that he wanted to "fuck the shit out of me" and told plaintiff on several occasions that "he bets I have a nice black asshole." (Id. at 4.) On August 25, 2025, defendant Turner approached plaintiff and said that he heard that plaintiff was telling other inmates that defendant Turner did not like Blacks and that defendant Turner had been harassing plaintiff. (Id.) Defendant Turner handcuffed plaintiff and took plaintiff to the E-Facility Clinic. (Id.) At the Clinic, defendant Turner ordered plaintiff to strip, repeatedly made plaintiff spread his buttock and cough, during which time

3

defendant Turner said things like, "You have a nice asshole." (Id.)  At one point, defendant Turner rubbed plaintiff's buttocks. (Id.)  Plaintiff alleges that defendant Turner continued to sexually harass plaintiff and give plaintiff fabricated rules violation reports. (Id.)  Plaintiff claims that plaintiff's mental health deteriorated as a result of the harassment by defendant Turner. (Id.)

**IV. DISCUSSION**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

"However, '[t]he issuance of Rules Violation Reports, even if false, does not rise to the level of cruel and unusual punishment.'" Hutchinson v. Infante, 2017 WL 1709474, at *2 (E.D. Cal. May 3, 2017) (quoting Cauthen v. Rivera, 2013 WL 1820260, at *10 (E.D. Cal. Apr. 30, 2013), findings and recommendations adopted, 2013 WL 3744408 (E.D. Cal. Jul. 15, 2013)); see also Jones v. Prater, 2012 WL 1979225, at *2 (E.D. Cal. June 1, 2012) ("[P]laintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendants issued a false rules violation against plaintiff.").  Thus, to the extent that plaintiff alleges that defendant Turner violated the Eighth Amendment by issuing rules violation reports against plaintiff, false or otherwise, plaintiff fails to state a potentially colorable Eighth Amendment claim.

Individuals in prison have a constitutional right under the Eighth Amendment to be free from sexual harassment or abuse. See Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012). To state a cognizable sexual assault claim, a plaintiff must plead facts indicating that "a prison staff member, acting under color of law and without legitimate penological justification, touched [plaintiff] in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading or demeaning the prisoner." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020).  Plaintiff appears to claim that

4

1  defendant Turner conducted the strip search for defendant Turner's sexual gratification, including
2  the rubbing of plaintiff's buttocks during the strip search.  These allegations state a potentially
3  colorable Eighth Amendment claim.
4      Allegations of verbal harassment do not generally state a viable claim under section 1983.
5  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), overruled in part on other
6  grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 1987).  This is true even where the
7  verbal harassment is of a sexual nature.  See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir.
8  2004) (holding that "the Eighth Amendment's protections do not necessarily extend to mere
9  verbal sexual harassment.").  However, a claim based on verbal harassment can succeed if the
10 offending comments were "gross even for a prison setting and were calculated to and did cause
11 [plaintiff] psychological damage." Keenan v. Hall, 83 F.3d 1083, 1092 (1996), amended on
12 denial of rehearing, 135 F.3d 1318 (9th Cir. 1998).
13     At this early stage of the proceedings, this Court cannot say as a matter of law that
14 defendant Turner's alleged vulgar comments were not "gross even for a prison" and not
15 "calculated to ... cause [plaintiff] psychological damage." Keenan, 83 F.3d at 1092.
16 Accordingly, this Court finds that plaintiff states a potentially colorable Eighth Amendment
17 verbal sexual harassment claim against defendant Turner based on the vulgar comments alleged
18 in the complaint.

### V.  PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendant Turner and pursue his potentially colorable Eighth Amendment claims based on the alleged strip search and verbal sexual harassment, or he may delay serving defendant Turner and attempt to amend his complaint as to the Eighth Amendment claim based on the filing of rules violation reports, although it is unlikely that plaintiff can cure the pleading defects as to his Eighth Amendment claim based on the filing of rules violation reports.  If plaintiff elects to proceed forthwith against defendant Turner as to the potentially colorable Eighth Amendment claims based on the alleged strip search and verbal sexual harassment, then within thirty days plaintiff must so elect on the attached form.  In this event the Court will construe plaintiff's election as consent to dismissal of the Eighth Amendment

5

claim against defendant Turner based on the filing of rules violation reports without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving defendant Turner and file an amended complaint. If plaintiff elects to file an amended complaint, plaintiff has thirty days to amend. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are

1  not entitled to the assumption of truth.  Id.

2  An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.  Plaintiff is not granted leave to add new claims or new defendants.

**VI.  CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's Eighth Amendment claim against defendant Turner based on the alleged filing of rules violation reports is dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may file an amended complaint.  Plaintiff is not obligated to amend his complaint.

4. The allegations in the complaint are sufficient to state potentially cognizable Eighth Amendment claims against defendant Turner based on the alleged strip search and verbal sexual harassment.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claim without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

///

///

Dated: October 21, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Wats2664.14/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WATSON,<br><br>         Plaintiff,<br><br>    v.<br><br>TURNER,<br><br>         Defendant. | No.  2:25-cv-2664 CSK P<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____    Plaintiff opts to proceed with his Eighth Amendment claims against defendant Turner based on the alleged strip search and verbal sexual harassment.  Under this option, plaintiff consents to dismissal of his Eighth Amendment claim against defendant Turner based on the filing of rules violation reports, without prejudice.

**OR**

_____    Plaintiff opts to file an amended complaint and delay service of process.

DATED: _____          _____
                                                                                Plaintiff

1